**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**FRANKFORT**

IN THE MATTER OF THE APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR AN ORDER AUTHORIZING THE )    **Magistrate Judge's No. 23-MJ-5326**
INSTALLATION AND USE OF )
SURVEILLANCE CAMERAS )

\* \* \* \* \*
**APPLICATION**

1.  The United States of America, by counsel, Assistant United States Attorney James T. Chapman, moves the Court, pursuant to 28 U.S.C. § 1651(a), to grant an order which: (1) authorizes the installation of and use a surveillance camera on a utility pole in the vicinity identified below; (2) orders that LG&E/Kentucky Utilities, and their agents and employees, make no disclosure of the existence of the application and order for the installation of the surveillance cameras unless authorized to do so by this Court; and (3) seals this Application and the Court's orders pending further order of the Court.

2. The United States seeks an order authorizing the installation and use of surveillance cameras on a utility pole maintained by LG&E/Kentucky Utilities, located near 1716 Bayberry Drive, Shelbyville, Kentucky 40065. The location was previously confirmed by Louisville FBI Safe Streets Task Force Special Agent (SA) Nicholas Bullard, (SA) Josh Russell and Jefferson County Sheriff's Department Task Force Officer (TFO) Todd Jensen. Poles are located along public roads near the residence located at 1716 Bayberry Drive, Shelbyville, Kentucky 40065. Poles located on Bayberry Drive, Shelbyville, Kentucky have been confirmed to be public access poles operated and maintained by Kentucky Utilities. Attachment A to this Application contains images of the property and surrounding area obtained by SA VanderMoere, who has personally

viewed the poles and surrounding area. The image provided is a fair and accurate representation of at 1716 Bayberry Drive, Shelbyville, Kentucky 40065 and the surrounding area.

3. In support of this Application, the United States submits the following, which is based on information collected during investigation by law enforcement. Special Agents and Task Force Officers from the Federal Bureau of Investigation (FBI) are investigating a drug trafficking organization, concerning violations of 21 U.S.C. § 841(a)(1), distribution of controlled substances. Based on the investigation, law enforcement believes the drug trafficking organization is likely using the location at 1716 Bayberry Drive, Shelbyville, Kentucky 40065, in part to facilitate the suspected illegal activity.

4. The information set forth below was provided by SA VanderMoere, SA Josh Russell, SA Nick VanderMoere, Jefferson County TFO Todd Jensen and Shelbyville Police Department TFOs Brandon Pennington and Joe Puleo, as well as other law enforcement officers. It is not meant to be a complete recitation of the facts spanning the entire investigation and is to be used only to establish that the authorization of the pole camera is necessary and material to the on-going investigation.

## **Investigation**

5. The information contained in the application in Magistrate Judge's No. 23-MJ-5271-MAS is reasserted and incorporated herein by reference.

6. On September 8, 2023, FBI Safe Streets Task Force and Shelbyville Police department conducted surveillance of William Rucker at 114 Martin Luther King Jr. Street, Shelbyville, Kentucky 40065.  William Rucker left 114 Martin Luther King Jr. Street, Shelbyville, Kentucky 40065 and drove to 1716 Bayberry Drive, Shelbyville, Kentucky 40065.  At approximately 1:54 PM a Nissan sedan arrived at 1716 Bayberry Drive, Shelbyville, Kentucky 40065 and a hand-to-

hand transaction was observed between William Rucker and the driver of the Nissan sedan. Based on the overall investigation and the involved agents' training and experience, it is believed that this hand-to-hand transaction involved the distribution of narcotic substances. The Nissan sedan was then observed departing the area.

7. There is no reasonable expectation of privacy in the area outside 1716 Bayberry Drive, Shelbyville, Kentucky 40065. The installation of video cameras on utility poles outside residences and businesses to view only "what any passerby would easily have been able to observe" and not to view the inside of those residences does not violate the Fourth Amendment. *United States v. Jackson*, 213 F. 3d 1269, 1280-81 (10th Cir.), *vacated on other grounds*, 531 U.S. 1033, 121 S. Ct. 621, 148 L Ed. 2d 31 (2000) (relating to application of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)). "The use of video equipment and cameras to record activity visible to the naked eye did not ordinarily violate the Fourth Amendment," much less use of the equipment to view activity that "a person knowingly exposes to the public." *Id*. (citing *Dow Chem. Co. v. United States*, 476 U.S. 227, 106 S. Ct. 1819, 90 L. Ed. 2d 226 (1986) (aerial photography of facility did not violate company's reasonable expectations of privacy), and *California v. Ciraolo*, 476 U.S. 207, 106 S. Ct. 1809, 90 L. Ed. Ed 210 (1986) (aerial observation of fenced-in back yard within residence's curtilage did not violate Fourth Amendment)). Accordingly, "there was no need for [law enforcement] to obtain a search warrant before installing and utilizing the video cameras." *Jackson*, 213 F. 3d at 1281.

8. In *United States v. Bucci*, 582 F.3d 108, 116 (1st Cir. 2009), the First Circuit Court of Appeals upheld the district court's denial of a motion to suppress video surveillance evidence collected by law enforcement over an eight-month period. "Law enforcement authorities installed a video camera on a utility pole across the street from Bucci's home and conducted surveillance of

the front of his house for eight months."  The First Circuit determined that "Bucci has failed to establish either a subjective or an objective expectation of privacy in front of his home, as viewed by the camera."  *Id*.  The Court of Appeals noted that there were not shrubs, bushes, fences or other barriers that block view by the public of Bucci's home, and further stated that "an individual does not have an expectation of privacy in items or places he exposes to the public."  *Id*. at 117 (citing *Katz v. United States*, 389 U.S. 347, 351 (1967)).

9. The pole surveillance camera will not have the ability to record audio.  The surveillance camera will only view what is visible with the naked eye from the public area around the residence.

**WHEREFORE**, it is respectfully requested that this Court grant an order, which:

(A) authorizes the installation and use for one hundred and eighty (180) days of a surveillance camera and other equipment necessary for its operation on a utility pole maintained by LG&E/Kentucky Utilities, located near 1716 Bayberry Drive, Shelbyville, Kentucky 40065. The surveillance camera shall not record audio.

(B) orders that LG&E/Kentucky Utilities and its agents and employees make no disclosure of the existence of the application and order for the installation of this surveillance camera and accompanying equipment unless and until authorized to do so by this Court; and

(C) seals this Application and the Court's orders pending further orders of the Court.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

This the  12  day of September, 2023.

Respectfully submitted,

By:     /s/ Nicholas VanderMoere
Nicholas VanderMoere
Special Agent FBI

By:  /s/  James T. Chapman
James T. Chapman
Assistant United States Attorney

Transmitted via email and attested to by telephone in accordance with the requirements of Fed. R. Crim. P. 4.1 before me on this  12  day of September, 2023.

HONORABLE MATTHEW A. STINNETT
UNITED STATE MAGISTRATE JUDGE